UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACOB PAUL SMITH,<br><br>    Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case Nos. 4:21-cv-00430-DCN<br>             4:19-cr-00304-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court in the above-entitled matter is Petitioner Jacob Smith's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Dkt. 1. The Government filed a combined Response and Motion to Dismiss Smith's Petition. Dkt. 7. Smith did not reply. For the reasons set forth below, the Court GRANTS the Government's motion and dismisses Smith's Petition.

## II. BACKGROUND

On September 24, 2019, Smith was indicted by a federal grand jury for one count of Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C § 841(a)(1) and (b)(1)(B). On January 25, 2021, Smith plead guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). At sentencing, the Court imposed 77 months of imprisonment, five years of supervised release, and a $100 special assessment.

On November 1, 2021, Smith filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction. Smith raises only the ground of ineffective assistance of counsel. Dkt. 1, at 5. Specially, Smith alleges he was "coerced" into pleading guilty. *Id*.

### III. LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]" § 2255(a).

Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." § 2255(b). Furthermore, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to

MEMORANDUM DECISION AND ORDER-2

a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

## IV. ANALYSIS

Here, Smith claims ineffective assistance of counsel via § 2255. As the United States Supreme Court has noted, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).[1] Therefore, Smith must satisfy both prongs of "the two-part *Strickland v. Washington* test." *Hill v. Lockhart*, 474 U.S. 52, 56–58 (1985) (citing *Strickland*, 466 U.S. at 687–90); *see also Lee v. United States*, 137 S. Ct. 1958, 1964–67 (2017). To establish ineffective assistance under that test here, Smith has to show (1) that his counsel's advice to plead guilty was not "'within the range of competence demanded of attorneys in criminal cases,'"; and (2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 56–59 (quoting *McMann v.*

---

[1] In applying that presumption, a court must make an effort "to eliminate the distorting effects of hindsight" and instead "to reconstruct the circumstances of counsel's challenged conduct" and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

MEMORANDUM DECISION AND ORDER-3

*Richardson*, 397 U.S. 759, 771 (1970)); *see also United States v. Silveira*, 997 F.3d 911 (9th Cir. 2021).[2]

In this case, Smith alleges that his attorney gave him ineffective assistance by telling him "in a phone conversation that although the evidence against [him] didn't prove or support conspiracy, that it didn't matter and [he] would lose at trial and get way more time than what [he] would get with the deal." Dkt. 1, at 5. Smith goes on to allege that he was "coerced" into entering into a plea agreement with the Government. *Id*. Outside of the allegations in the motion, Smith has not included any supplemental information, nor has he replied to the Government's response. The Court finds the allegations in Smith's motion unpersuasive when compared to the record.

United States Magistrate Judge Candy W. Dale questioned Smith thoroughly on his representation, potential sentence, and potential consequences of taking the plea. Smith was made aware of the maximum sentence by the Magistrate Judge and responded in the affirmative. Dkt. 7-1, at 3. Smith affirmed twice that he was adequately and competently represented by his attorney. *Id*. at 8. When asked if it was his "own independent decision to plead guilty" he answered in the affirmative. *Id*. Smith also affirmed that he was neither "threatened" nor "forced" into accepting the plea. *Id*. at 15. Smith confirmed that no promises were made to him surrounding the plea agreement. *Id*. at 22. Ultimately, after extensive questioning, Judge Dale decided that Smith was competent to change his plea

---

[2] To satisfy the *Strickland* prongs, Smith must identify specific deficient acts or omissions of defense counsel. *Strickland*, 466 U.S. at 690. Also, when a defendant's Section 2255 claim "is conclusory or inherently incredible, a district court has the discretion to dismiss the petition without a hearing." *United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004).

MEMORANDUM DECISION AND ORDER-4

and furthermore, that he understood the risks of going through with the plea agreement. *Id*. at 1–23.

The Government cites *Blackledge v. Allison* when arguing that Smith's declarations in open court create a strong presumption of truth. 431 U.S. 63, 73–74 (1977). The Court agrees. Smith has not provided any convincing evidence to contradict what he affirmed on the record. Even if the allegations against defense counsel were true, Smith has not shown that the result of the proceeding would have been any different. Smith affirmed on the record that his attorney had provided adequate representation and also that he was not threatened or "forced"[3] into agreeing to the plea agreement.

Smith has not met his burden of showing that defense counsel's representation fell "'outside the wide range of professional competence' and that there was a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Schaflander*, 743 F.2d at 722 (quoting *Strickland*, 466 U.S. at 690-94).

Moreover, Smith has not presented a claim for which relief can be granted. Thus, an evidentiary hearing would not be necessary to evaluate Smith's claim. In conclusion, the Court DENIES Smith's ineffective assistance of counsel claim and GRANTS the Government's Motion to Dismiss.

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under § 2255, it must

---

[3] Judge Dale asked Smith twice if he was "forced" into pleading guilty. Dkt. 7-1, at 15 Twice Smith answered "no." *Id*. To now claim he was coerced (i.e. "forced") is in direct contrast to his prior statements.

either issue or deny a certificate of appealability ("COA"). By statute, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth above, the Court concludes that Smith has failed to make any showing, let alone a substantial showing, of the denial of a constitutional right. Accordingly, the Court will not issue a COA.

If Smith wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id*. ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . . .").

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Smith's conviction or sentence. Furthermore, the Court finds it unnecessary to conduct an evidentiary hearing on the same. Thus, the Government's Motion to Dismiss is GRANTED and Smith's Petition is DENIED.

## VII. ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Smith's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 1) is DENIED. The Clerk of the Court is directed to file this Order in both the criminal and civil case.

2. The Government's Motion to Dismiss (Dkt. 7) is GRANTED.

3. The Court finds there is no need for an evidentiary hearing.

4. No certificate of appealability shall issue. Smith is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

5. If Smith files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: December 1, 2022

_____
David C. Nye
Chief U.S. District Court Judge